

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-23-2008

# Thomas J. Bolla v. R. Strickland

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3466

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Thomas J. Bolla v. R. Strickland" (2008). *2008 Decisions.* Paper 47.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/47

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-48**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3466
_____

THOMAS J. BOLLA,

                                        Appellant

v.

MR. R. STRICKLAND, Corrections Officer

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-00129)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2008

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges

(Opinion filed:  December 23, 2008)
_____

OPINION
_____

PER CURIAM

    Thomas J. Bolla filed this pro se action in the Western District of Pennsylvania

against R. Strickland, a corrections officer at Bolla's place of confinement, alleging

1

violations of his civil rights under 42 U.S.C. § 1983. The District Court granted defendant's motion for summary judgment and, for the reasons that follow, we will affirm.

## I. Background

Bolla is currently an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at SCI-Houtzdale. He filed a complaint in the District Court on May 31, 2007, alleging that Strickland and four or five other corrections officers subjected him to cruel and unusual punishment during a cell extraction on June 17, 2005. After several additional filings from Bolla, including unsuccessful motions to amend the complaint and for appointment of counsel, Strickland moved for summary judgment. The District Court adopted the Magistrate Judge's finding that Bolla had never submitted a grievance related to the alleged use of force on June 17, 2005, and as a result it granted Strickland's motion for summary judgment based on Bolla's failure to exhaust administrative remedies. Bolla timely appealed from the District Court's order.

## II. Standards

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled

2

to judgment as a matter of law.  Id. at 232; Fed. R. Civ. P. 56(c).  The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e)); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).  We view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.  See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

III. Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust his administrative remedies before bringing a civil rights action in federal court. Spruill v. Gillis, 372 F.3d 218, 227-28 (3d Cir. 2004).  The exhaustion requirement includes a procedural default component, and a prisoner must comply with prison grievance procedures to properly exhaust his claims.  Id. at 230-31.  The Magistrate Judge found that Bolla "never, even in an untimely fashion, submitted a grievance about the alleged use of force on June 17, 2005," and this finding was apparently determinative for the District Court in concluding that Bolla had failed to exhaust his administrative remedies before proceeding in the federal court.

In his original complaint, however, Bolla alleged that he did in fact file the appropriate grievance.  He further alleged that any untimeliness in his filing was due to

3

the prison's depriving him of access to a writing utensil. Bolla offers nothing more to support these bare assertions, but it would not alter the course of this litigation had he done so. Submitting a grievance for review is only the first of three steps an inmate must take to fully exhaust administrative remedies:

> DC-ADM-804 Part VI provides for three stages of review within Pennsylvania's Grievance System: Initial Review (DC-ADM-804 Part VI.B), which addresses the inmate's filed grievance; the first appeal from the Initial Review, known as Appeal to Facility Manager (DC-ADM-804 Part VI.C); and a second and final appeal, the Appeal to Secretary's Office of Inmate Grievances and Appeals (DC-ADM-804 Part VI.D).

Spruill, 372 F.3d at 232. Even if Bolla properly submitted a grievance regarding the alleged institutional abuse on June 17, 2005, it is undisputed that none of the subsequent required measures were taken. Therefore, after viewing the evidence in the light most favorable to Bolla, the non-moving party, see Reitz, 125 F.3d at 143, we find that no genuine issue of material fact exists as to whether he complied with prison grievance procedures and properly exhausted his claims. Accordingly, we will affirm the District Court's order granting summary judgment for Strickland.[1]

---

[1] Bolla's pending motions for appointment of counsel are denied.